# IN THE COURT OF APPEALS OF IOWA

No. 19-0990
Filed September 11, 2019

**IN THE INTEREST OF C.M. and D.M.,**
**Minor Children,**

**D.W., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Deborah Farmer

Minot, District Associate Judge.


        A mother appeals the termination of her parental rights to her two children.

**AFFIRMED.**


        Joseph C. Pavelich of Spies, Pavelich & Foley, Iowa City, for appellant

mother.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        John D. Jacobsen, Cedar Rapids, attorney and guardian ad litem for minor

children.


        Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

The juvenile court terminated a mother's parental rights to her children, C.M. and D.M.  On appeal, the mother argues (1) the State failed to prove grounds for termination exist under Iowa Code section 232.116(1)(h) (2019) and (2) the mother's strong bond with the children precludes termination.  We affirm the juvenile court.

## I.  Background Facts and Proceedings

C.M. was born in 2016.  In September 2017, the Iowa Department of Human Services (DHS) first became involved with C.M.'s family.  At that time, the father was on probation for multiple burglaries.  During a home visit, probation officers discovered cocaine and marijuana.  The mother claimed the drugs were hers.  Both parents were arrested.  DHS removed C.M. from the parents' custody.  Later, the mother renounced ownership of the drugs.  Even so, she pled guilty to multiple charges, including possession of cocaine with intent to deliver.  She received a deferred judgment and probation.

In the months that followed, the mother complied with some services.  In late December, the juvenile court returned C.M. to the mother's custody.  The court ordered the father's visits be fully supervised.  The mother was expressly "not authorized" to supervise contact between the father and C.M.

In March 2018, D.M. was born.  In July, both parents ceased contact with providers and missed a scheduled hearing.  Moreover, DHS learned that—despite the juvenile court's December order—the mother and children were residing with the father.  DHS removed the children.  A sample of C.M.'s hair came back positive

for methamphetamine, cocaine, and marijuana. D.M. did not have enough hair to test.

Following the children's removal in July, the mother failed to keep consistent contact with DHS, ceased drug testing, missed visits, and failed to progress from fully-supervised visits. She was also arrested for operating while intoxicated.

The State petitioned for termination as to both parents. The juvenile court heard evidence on April 3 and 29, 2019. The juvenile court terminated both parents' rights to the children. The mother appeals.[1]

## II. Standard of Review

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, No. 14-1517, 2015 WL 791698, at *3 (Iowa Ct. App. Feb. 25, 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

## III. Analysis

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). First, we must determine whether a ground for termination under section 232.116(1) has been established. *Id.* at 472–73. If a ground for termination has been established, we must then consider "whether the best-interest framework as laid out in section

---

[1] The father did not appeal. This opinion will only address the mother's arguments.

232.116(2) supports the termination of parental rights." *Id.* at 473. Finally, we must consider "whether any exceptions in section 232.116(3) apply to preclude termination of parental rights." *Id.* (quoting *In re M.W.*, 876 N.W.2d 212, 220 (Iowa 2016)).

### A. Grounds for Termination

We first determine whether the State has proved grounds for termination under Iowa Code section 232.116(1). *Id.* at 472–73. The juvenile court found grounds for termination under Iowa Code section 232.116(1)(h) were established for both children. Section 232.116(1)(h) authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

On appeal, the mother only challenges the fourth element.[2] She argues the children could have been returned to her at the time of the termination hearing.

---

[2] As noted, the State is required to prove statutory grounds for termination by clear and convincing evidence. *In re H.L.B.R.*, 567 N.W.2d 675, 677 (Iowa Ct. App. 1997). In this case, the State was required to prove the four elements under Iowa Code section 232.116(1)(h), which the juvenile court determined it did. The mother argues the State did not meet the burden because the State "failed to prove by clear and convincing evidence that the children could not be returned to her care following the termination trial *or within an additional six months.*" (Emphasis added.) But Iowa Code section 232.116(1)(h) only requires the State to show the children could not be returned at the time of the termination hearing.

It is true that, pursuant to Iowa Code section 232.104(2)(b), the juvenile court may defer termination if it determines the need for removal will extinguish following an additional six-month period. At the hearing, though, the mother insisted the children could be returned to her immediately. While she mentioned her situation may improve in three to four months, she did not directly ask the juvenile court to grant her additional time. Nor

We disagree. At the termination hearing, the mother acknowledged she did not have her own housing, could not afford to live on her own, and was jobless. She suffers from severe, untreated mental-health problems. She has failed to consistently drug test. She has missed many visits with the children. And she never progressed beyond fully-supervised visitation. We agree with the juvenile court that the children could not be returned to her at the time of the termination hearing. The requirements of section 232.116(1)(h) are fulfilled.

## B. Best Interests

Our next step is to consider the best interests of the children. *See* Iowa Code § 232.116(2). The mother does not raise any argument under this step. Based on our de novo review, however, we agree with the juvenile court that termination is in the children's best interests.

## C. Exceptions

Finally, we consider the exceptions under Iowa Code section 232.116(3). The parent bears the burden of proving an exception exists. *A.S.*, 906 N.W.2d at 476. If the parent is successful, the juvenile court has discretion to forgo termination. *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

Here, the mother relies on Iowa Code section 232.116(3)(c). It authorizes the juvenile court to forgo termination if "[t]here is clear and convincing evidence

---

did she establish the need for removal would be extinguished after the additional six-month period.

In any event, we find a grant of an additional six months would be inappropriate. Again, we do not conclude the conditions requiring termination would be extinguished within six months. Moreover, C.M. has been removed from the mother's custody twice now. D.M. has lived most of his life out of his mother's custody. As the juvenile court properly observed, these children deserve permanency. *See In re A.B.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute.").

that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c).

We agree with the juvenile court that section 232.116(3)(c) does not apply. It is true the children have a bond with their mother. Yet both children have been removed from the mother's custody for much of their lives. Indeed, D.M. has spent three-fourths of his life in the care of others. Moreover, as noted, the mother missed multiple visits with the children and has not progressed past fully-supervised visitation. She has been unable to provide the safety, stability, and consistency these children need and deserve. Conversely, termination will free these children to find permanency through adoption. *See In re V.B.*, No. 17-0077, 2017 WL 1095074, at *3 (Iowa Ct. App. Mar. 22, 2017) ("Termination followed by adoption is the preferred method of establishing permanency for . . . child[ren] who cannot be safely returned home.").

## IV. Conclusion

The juvenile court properly terminated the mother's parental rights.

**AFFIRMED.**